UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA ISAYEVA, | No.  2:13-cv-02015-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Defendants County of Sacramento ("County") and City of Rancho Cordova ("City") (collectively "defendants") move to dismiss plaintiff Diana Isayeva's fourth through seventh claims. Mot. to Dismiss ("MTD") at 1–3, ECF No. 7-1. The court heard argument on January 31, 2014, with Peter Goldstein appearing for plaintiff and Robert Chalfant appearing for defendants. For the reasons below, the court defers ruling on the motion while giving plaintiff leave to file an amended declaration.

I.  BACKGROUND

On February 18, 2013, the family of Paul Tereschenko ("decedent") called 9-1-1 and reported that he was "acting strangely." Compl. ¶ 17, ECF No. 1. When law enforcement arrived, decedent's brother warned the officers that due to decedent's unusual behavior, "they should have more deputies go with them into the room where [decedent] was located . . . ." *Id.* Ignoring the advice, the deputies "proceeded into [the] closed room," and after approximately

1

five minutes, shot and killed decedent. *Id.* ¶ 19. As pleaded, decedent "was unarmed and posed no imminent threat of death or serious physical injury" when he was shot. *Id.* ¶ 20.

Plaintiff, decedent's widow, filed suit on September 27, 2013. *Id.* ¶¶ 2–3. She brings the action in both her individual and representative capacities, *id.* ¶ 3, and names as defendants the County and City; Does 1 to 5, the officers involved in the shooting; and Does 6 to 10, "managerial, supervisorial, and policymaking employees" of the County and City. *Id.* ¶¶ 6–11. Plaintiff alleges that all Doe defendants "were duly authorized employees and agents of the County and/or City, who were acting within the course and scope of their respective duties . . . with the complete authority and ratification of their principal . . . ." *Id.* ¶ 7. As "duly appointed officers and/or employees or agents," the Doe defendants were "subject to the oversight and supervision" of the County or City, who themselves owed a "legal duty to oversee and supervise . . . hiring, conduct and employment . . . ." *Id.* ¶¶ 8, 10.

Although the complaint alleges seven claims in total, plaintiff maintains only four against the moving defendants: (1) the fourth claim for municipal liability under 42 U.S.C. § 1983 for unconstitutional custom, practice or policy; (2) the fifth claim for false arrest or imprisonment; (3) the sixth claim for battery; and (4) the seventh claim for negligence. *Id.* ¶¶ 54–83. On the same claims, plaintiff also names as defendants Does 6 through 10. *Id.* ¶ 6. These are the only claims and defendants at issue in the instant motion.[1] MTD at 3.

II.   STANDARD

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Dismissal is proper where "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Although a complaint need contain only "a short and plain statement of the claim showing that the

---

[1] Plaintiff's remaining claims allege unreasonable search and seizure and use of excessive force in violation of the Fourth and Fourteenth Amendments, as well as violation of the Due Process Clause. *Id.* ¶¶ 24–53. These claims are maintained against Does 1 through 5, identified as "unknown deputies . . . and/or police officers" employed by the County and City respectively. *Id.* ¶ 6.

2

pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), it "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]," "'labels and conclusions' [and] 'formulaic recitation[s] of the elements of a cause of action'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action, *see Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and courts "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party," *Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir. 1987). This rule does not, however, apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, or to "allegations that contradict matters properly subject to judicial notice," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

III.     ANALYSIS

Defendants argue, among other things, that all claims must be dismissed because plaintiff has failed to file a required declaration and, therefore, lacks standing to maintain the suit. MTD at 5–6. Having subsequently filed a declaration, plaintiff responds that she has cured any defect and that the challenge to standing must be rejected. MTD at 3.

"[T]he general rule is that only the person whose Fourth Amendment rights were violated can sue to vindicate those rights." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) (citation omitted). "In § 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth

3

Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action." *Id.* (citations omitted). To prosecute an action as a successor in interest under state law, the California Code of Civil Procedure requires a declaration containing specified information. CAL. CIV. PROC. CODE § 377.32. That information includes:

> (5) [A statement of e]ither of the following, with facts in support thereof:
>
>> (A) "The affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
>>
>> (B) "The affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."

*Id.* § 377.32(5)(A)–(B).

With her opposition, plaintiff filed a declaration containing much of the information required by section 377.32. Isayeva Decl. ¶¶ 1–8, ECF No. 10. However, as defendants correctly note in their reply, Reply to Opp'n at 4–5, the declaration does not comply with all the dictates of the statute because it lacks one or the other of the statements quoted above and related supporting facts. CAL. CIV. PROC. CODE § 377.32(5)(A)–(B). The court must thus conclude that plaintiff has not established she may maintain the action and declines to address the merits of the motion at this juncture. *Moreland*, 159 F.3d at 369. However, finding the defect may be easily curable, the court grants leave to file an amended declaration. *See Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) ("A plaintiff should be permitted to amend a complaint to cure 'technical' defects." (citing *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc))); *see also* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."). If plaintiff is able, she may file an amended declaration within seven days.

/////

/////

/////

IV.     CONCLUSION

As set forth above plaintiff may refile an amended declaration within seven days of the date of this order. Pending filing of the amended declaration, the court defers ruling on the merits of defendants' motion to dismiss.

IT IS SO ORDERED.

DATED: May 2, 2014.

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE