UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA ISAYEVA, | No. 2:13-cv-02015-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO et al., | |
| Defendant. | |

I.   PROCEDURAL BACKGROUND

    This action arises out of the fatal police shooting of Paul Tereschenko (the decedent) by Sacramento County Sheriff's Deputy Sean Barry.  Plaintiff Diana Isayeva is the decedent's surviving spouse and his survivor-in-interest.  Plaintiff brings the action under 42 U.S.C. § 1983 and California state law against defendant Barry and the County of Sacramento.  Defendants previously moved for summary adjudication on plaintiff's § 1983 claims and state law survival claims, and on September 18, 2015, the court granted defendants' motion in part and denied it in part.  (ECF No. 63.)  Specifically, the court denied defendant's motion on qualified immunity with respect to defendant Barry's use of a taser and deadly force on the decedent.  (*Id.*)  On October 15, 2015, defendant Barry appealed the court's ruling on summary judgment denying qualified immunity to the Ninth Circuit Court of Appeals.  (ECF Nos. 64, 65.)  On October 16,

1

2015, plaintiff filed an ex parte application, requesting the court certify defendant Barry's appeal as frivolous.  (ECF No. 66.)  On October 19, 2015, defendants filed an ex parte application for an order to stay pending appeal, and separately opposed plaintiff's ex parte application.  (ECF Nos. 67, 68.)  On October 20, 2015, plaintiff opposed defendants' application for a stay.  (ECF No. 69.)

## II.   LEGAL STANDARD

In determining whether to stay proceedings pending appeal of a denial of qualified immunity, district courts must weigh the interests of the defendants claiming immunity from trial with the interest of the other litigants and the judicial system.  "During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases).  Plaintiffs' entitlements may be lost or undermined."  *Apostol v. Gallion*, 870 F.2d 1335, 1338–1339 (7th Cir. 1989).  Nonetheless, a stay is automatic so long as the appeal is not frivolous, *Chuman v. Wright*, 960 F.2d 104, 104 (9th Cir. 1992), and turns on an issue of law, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

## III.   DISCUSSION

Appellate courts have jurisdiction to hear an interlocutory appeal from a denial of qualified immunity when the question involves a matter of law.  *See Mitchell,* 472 U.S. at 528 (1985) (holding that a district court's denial of a claim of qualified immunity is an appealable "final decision" within the meaning of 28 U.S.C. § 1291 "to the extent that it turns on an issue of law"); *see also Collins v. Jordan,* 110 F.3d 1363, 1370 (9th Cir. 1996).  But, "[w]here the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal."  *Collins,* 110 F.3d at 1370; *see also Johnson v. Jones,* 515 U.S. 304, 307 (1995).

The general rule that an order denying a summary judgment motion is not a final decision, and thus not immediately appealable, does not apply when it is based on a qualified immunity claim.  *Johnson*, 515 U.S. at 311.  Nevertheless, whether an appellate court hears an interlocutory appeal from the denial of qualified immunity on summary judgment depends on the basis of the denial.  *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009); *see*

*Plumhoff v. Rickard*, ___ U.S. ___, 134 S.Ct. 2012, 2015 (2014) (appellate court has jurisdiction to review order denying officers' summary judgment motion based on qualified immunity in section 1983 action where decedent killed in a high speed car chase and officer's contention that conduct did not violate Fourth Amendment raised legal rather than factual issues).  In this context as well, an order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order.  *Johnson*, 515 U.S. at 313–20.  An order denying qualified immunity on the basis of legal issues is different, because deciding such legal issues is the realm of the appellate courts.  *See id.; see also Scott v. Harris*, 550 U.S. 372 (2007).  Thus, an order denying qualified immunity, to the extent it turns on an "issue of law," is immediately appealable. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citing *Mitchell*, 472 U.S. at 530).

Where a denial is immediately appealable, the filing of the appeal divests the district court of jurisdiction to proceed with trial.  *Chuman*, 960 F.2d at 104.  However, because this result could potentially disrupt and delay trial court proceedings, the Ninth Circuit has held that a district court may proceed with trial if the defendant's appeal is frivolous or has been waived.  *Id.* (citing *Apostol*, 870 F.2d at 1335).  Without a certification that the claim is frivolous or has been waived, trial is automatically stayed until the disposition of the appeal.  *Id.*

"An appeal is frivolous if it is wholly without merit."  *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002); *see also In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (stating that "[a]n appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit").  "This means that the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side.*"  Schering Corp. v. First DataBank, Inc.*, No. C 07–01142 WHA, 2007 WL 1747115 at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol*, 870 F.2d at 1339).

Here, plaintiff is correct that the court's order denying summary judgment to defendant Barry on qualified immunity grounds was premised on material factual disputes.  (ECF No. 66-1 at 4.)  Specifically, the court's order denied defendants' motion with this explanation:

> [T]he underlying facts that would otherwise allow the court to determine whether Barry's use of the Taser was reasonable are disputed. Hence, the court cannot define the specific context of this

case without impermissibly treating the genuinely disputed facts as undisputed.  And that the court cannot do.  Because there is a genuine dispute of material fact as to whether tasing was reasonable, the court cannot determine whether, as a matter of law, the federal right at issue was clearly established.  As such, the court cannot at this time find [defendant] Barry eligible for qualified immunity on this claim.

(ECF No. 63 at 18–19.)  Regarding Barry's entitlement to qualified immunity on the use of deadly force, the court explained that "factual disputes prevent the court from determining whether [defendant] Barry was in serious, imminent danger at the time he shot the decedent." (*Id.* at 19.)  The court further explained that while "[p]laintiff's evidence does not entirely undermine [defendant] Barry's account of the [circumstance], it does create a question as to the severity of threat the decedent posed [at the time]." (*Id.* at 15.)  There is a genuine dispute as to the facts regarding when defendant Barry used the taser and deadly force on the decedent.  *Id.*

In sum, the denial of qualified immunity in this case is not based on issues of law, but rather on genuine issues of material fact.  Hence, the court finds defendants' appeal baseless and insufficient to deprive this court of jurisdiction.  *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (citing *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (no jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts)).  For the same reasons the court finds the appeal baseless, it declines to enter a stay.

IV.  CONCLUSION

For the foregoing reason, the court GRANTS plaintiff's ex parte application to certify defendants' appeal as frivolous.  Defendants' ex parte application to stay is DENIED.

IT IS SO ORDERED.

DATED: November 3, 2015.

_____
UNITED STATES DISTRICT JUDGE